RECEIVED
NOV 14 2019
AT 8:30_____M
WILLIAM T. WALSH CLERK

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700         (973) 645-2700
Newark, New Jersey  07102

MFN/PL AGR
2018R00662

September 25, 2019

Laurie Fierro, Esq.
135 Kinnelon Road
Kinnelon, New Jersey 07405

      Re:    <u>Plea Agreement with Daryl Underwood</u>    Cr. 19-813-1 (FLW)

Dear Ms. Fierro:

    This letter sets forth the plea agreement between your client, Daryl Underwood ("UNDERWOOD") and the United States Attorney for the District of New Jersey ("this Office").  The government's offer to enter into this plea agreement will expire on October 4, 2019, if it is not accepted in writing by that date.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from UNDERWOOD to a one-count Information that charges him with misprision of a felony, namely witness tampering, contrary to Title 18, United States Code, Section 1512(b)(2)(A), in violation of Title 18, United States Code, Section 4.  If UNDERWOOD enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against UNDERWOOD for any additional acts of witness tampering, conspiracy to commit witness tampering, or the failure to report witness tampering to authorities, from in or about December 2018 through at least on or about February 5, 2019.

    If a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, UNDERWOOD agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by UNDERWOOD may be commenced against him, notwithstanding the expiration of the limitations period after UNDERWOOD signs the agreement.

Sentencing

The violation of 18 U.S.C. § 4 to which UNDERWOOD agrees to plead guilty carries a statutory maximum prison sentence of three years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross profits or other proceeds to UNDERWOOD. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon UNDERWOOD is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence UNDERWOOD ultimately will receive.

Further, in addition to imposing any other penalty on UNDERWOOD, the sentencing judge: (1) will order UNDERWOOD to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order UNDERWOOD to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; and (3) pursuant to 18 U.S.C. 3583, may require UNDERWOOD to serve a term of supervised release of not more than one year, which will begin at the expiration of any term of imprisonment imposed. Should UNDERWOOD be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, UNDERWOOD may be sentenced to not more than one year's imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on UNDERWOOD by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full

nature and extent of UNDERWOOD's activities and relevant conduct with respect to this case.

## Stipulations

This Office and UNDERWOOD agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or UNDERWOOD from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and UNDERWOOD waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

UNDERWOOD understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. UNDERWOOD understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. UNDERWOOD wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. UNDERWOOD understands that he is bound

by his guilty plea regardless of any immigration consequences of the plea. Accordingly, UNDERWOOD waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against UNDERWOOD. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against UNDERWOOD.

No provision of this agreement shall preclude UNDERWOOD from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that UNDERWOOD received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between UNDERWOOD and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

> Very truly yours,
>
> CRAIG CARPENITO
> United States Attorney
>
> By: MATTHEW FELDMAN NIKIC
> Assistant U.S. Attorney

APPROVED:

_____
DAVID W. FEDER
Chief, Cyber Crimes Unit

I have received this letter from my attorney, Laurie Fierro, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_Daryl Underwood_ (signature)  Date: 10/16/19
Daryl Underwood

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_Laurie Fierro_ (signature)  Date: 10/16/19
Laurie Fierro, Esq.

Plea Agreement With Daryl Underwood ("UNDERWOOD")

Schedule A

1. This Office and UNDERWOOD recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and UNDERWOOD nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence UNDERWOOD within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and UNDERWOOD further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case. The applicable Guideline is U.S.S.G. § 2X4.1.

3. Pursuant to U.S.S.G. § 2X4.1, the base offense level is 9 levels lower than the offense level for the underlying offense, but in no event less than 4, or more than 19. U.S.S.G. § 2X4.1(a).

4. The underlying offense involved witness tampering, which has a base offense level of 14. U.S.S.G. § 2J1.2(a).

5. The underlying offense also involved threatening to cause physical injury to a person in order to obstruct the administration of justice, resulting in an increase of 8 levels and an offense level of 22. U.S.S.G. § 2J1.2(b)(1)(B).

6. The base offense level pursuant to U.S.S.G. § 2X4.1 therefore is 13 (22 minus 9). U.S.S.G. § 2X4.1(a).

7. As of the date of this letter, it is expected that UNDERWOOD will enter a plea of guilty before the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and UNDERWOOD's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to UNDERWOOD is 11 (the "agreed total Guidelines offense level").

9. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

10. UNDERWOOD knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 11. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 11. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.